**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **COREY ROWE,** | : | |
| | : | **CIVIL ACTION** |
| **Petitioner** | : | |
| | : | |
| **v.** | : | **NO. 06-3631** |
| | : | |
| **MR. GRACE, Superintendent of** | : | |
| **Huntington State Prison, et al.** | : | |
| | : | |
| **Respondents.** | : | |

<u>**ORDER**</u>

AND NOW, this 24th day of January 2008, upon consideration of the Petition for

Writ of Habeas Corpus (Doc. No. 3), Respondent's Answer (Doc. No. 11), the Report and

Recommendation of the Magistrate Judge (Doc. No. 13), Petitioner's Objections to the Report

and Recommendation (Doc. No. 16), the Response to Petitioner's Objection (Doc. No. 22), and

Petitioner's Reply (Doc. No. 23), it is ORDERED and DECREED:


   1. Petitioner's Objections to the Report and Recommendation are **OVERRULED**;

   2. The Report and Recommendation is **APPROVED** and **ADOPTED**;

   3. The Petition for a Writ of Habeas Corpus is **DENIED**; and

   4. There is no basis for the issuance of a certificate of appealability.


The Clerk of Court shall close this matter for statistical purposes.

1

## I.      FACTUAL BACKGROUND

In 1993, Petitioner Corey Rowe was convicted of first-degree murder, possessing an instrument of crime, and criminal conspiracy in the Philadelphia Common Pleas Court.  On May 1, 1996, the Pennsylvania Superior Court affirmed Rowe's convictions and sentence.  On December 4, 1996, the Pennsylvania Supreme Court denied *allocatur*.  On November 14, 1997, Rowe filed a counseled petition under Pennsylvania's Post Conviction Relief Act.  42 Pa. Con. Stat. § 9541.  On December 11, 1998, the PCRA Court denied the petition without a hearing. Rowe appealed that decision and on June 16, 2000, the Pennsylvania Superior Court remanded the case.

In March and May, 2003, the PCRA Court held evidentiary hearings at which Rowe's trial counsel and direct appeal counsel testified.  On September 23, 2003, the PCRA Court again denied Rowe's petition for post conviction relief.   The Superior Court affirmed that ruling on July 6, 2005.  Rowe then petitioned the Pennsylvania Supreme Court for allowance of an appeal. His appeal was denied on March 21, 2006.

On March 28, 2006, Rowe filed the instant *pro se* petition for habeas relief pursuant to 28 U.S.C. § 2254.  On June 1, 2007, the Magistrate Judge filed a Report and Recommendation, concluding that Rowe's Petition should be denied.  Rowe filed an "Objection to the Report and Recommendation" on July 26, 2007.  The Government responded on September 26, 2007; Rowe filed a Reply on October 3, 2007.

## II.      STANDARD OF REVIEW

The extent of my review of a Magistrate's report is committed entirely to my discretion. See Jozefick v. Shalala, 854 F. Supp. 342, 347 (M.D. Pa., 1994); see also Thomas v. Arn, 474 U.S. 140, 154 (1985); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984); Heiser v. Ryan, 813 F. Supp. 388, 391 (W.D. Pa. 1993), aff'd, 15 F.3d 299 (3d Cir. 1994).  I may "accept, reject or modify, in whole or in part, the [M]agistrate's findings or recommendations."  Brophy v. Halter, 153 F. Supp. 2d 667, 669 (E.D. Pa. 2001).  I must review de novo, however, those portions of the Report to which specific objection is made.  28 U.S.C. § 636 (b)(1)(C); see generally Goney, 749 F.2d at 6-7.

## III.     PETITIONER'S OBJECTIONS TO THE REPORT AND RECOMMENDATION

Rowe's Objections are, at points, very difficult to understand.  I have construed the objections as liberally as I can.  I nonetheless find them to be meritless.

### 1.  Reference to Trial and Appellate Counsel Testimony

Rowe objects that "no where in the report" did the Magistrate Judge refer to the testimony that Rowe's trial counsel and direct appeal counsel provided during the PCRA hearings in 2003. (Doc. No. 16, at 1).  In fact, the Magistrate Judge referred to both in determining that Rowe was not entitled to habeas relief.  (Doc. No. 13, at 3).

**2.   Concession of Ineffectiveness.**

Rowe objects that the Magistrate Judge failed to recognize that both his trial counsel and direct appeal counsel testified that "they were indeed ineffective." (Doc. No. 16, at 8).  Rowe's trial counsel testified that he did not have a strategic reason for failing to object to: the trial judge's instruction on accomplice liability, the lack of instruction on second degree murder, and the prosecutor's reference to a non-testifying witness during closing argument.  Hrn'g Tr. March 11, 2003 at pp. 23:22-24; 25:7-12; 26:13-16.  As the Magistrate Judge correctly concluded, however, such testimony falls far short of a concession of ineffectiveness.  Strickland v. Washington, 466 U.S. 668, 689 (1984).  Given the Magistrate Judge's determinations (with which I agree) that the trial court's instructions to the jury were correct, and that the prosecutor's closing was proper, any objection by trial counsel would have been meritless.

Similarly, Rowe's direct appeal counsel did not concede his own ineffectiveness; he testified only that he had no recollection whether he made a strategic decision not to raise an ineffectiveness argument based on trial counsel's failure to object as described above.  Hrn'g Tr. May 13, 2003 at pp. 6, 10 and 12.  Once again, the Magistrate Judge correctly determined that counsel could not be ineffective for failing to raise a meritless claim. (Doc. No. 13, at 14-15).

**3.  Prejudice Analysis**

Rowe apparently contends that the Magistrate Judge incorrectly construed Rowe's burden with respect to demonstrating prejudice under Strickland v. Washington.  466 U.S. 668.  Rowe

4

claims that under <u>Thomas v. Varner</u> the Magistrate Judge was required to find that his counsel's ineffectiveness produced a probability sufficient to undermine confidence in the trial outcome. 428 F. 3d 491 (3d Cir. 2005); (Doc. No. 16, at 6).  Rowe cites to the testimony of various trial witnesses to support his claim that absent his counsel's ineffectiveness, the outcome of the trial would have been different.

Rowe's claim that the Magistrate Judge incorrectly interpreted <u>Strickland</u> is erroneous. The Magistrate Judge correctly stated that to demonstrate prejudice, Rowe must show "counsel's errors were so serious as to deprive [Rowe] of a fair trial, a trial whose result is reliable."  (Doc. No. 13, at 7-8, citing <u>Strickland</u>, 466 U.S. at 687).  <u>Thomas</u> simply clarifies that a petitioner can establish prejudice upon showing a probability that a different result would have occurred but for counsel's deficiencies.  428 F.3d at 502.  Rowe has shown neither that his counsel's representation was deficient, nor that there is a probability the outcome at trial would have been different if his attorney had objected as described.

**4.  Reasserted Habeas Claims**

Finally, in his Objection Rowe has apparently included claims that the Magistrate Judge rejected.  I need not address these issues *de novo*.  <u>Brophy</u>, 153 F. Supp. at 669.  In any event, my review of the Report and Recommendation confirms that the Magistrate Judge's rulings were correct.

**IV.     CONCLUSION**

Upon careful consideration of the Report and Recommendation, Petitioner's Objections, and all related submissions, I overrule the Objections and accept and adopt the Magistrate Judge's Report and Recommendation.


                                        BY THE COURT:

                                        /s Paul S. Diamond

                                        _____

                                        **Paul S. Diamond, J.**